UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RON GILBERT ET AL** | **CASE NO. 2:21-CV-01864** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLSTATE INDEMNITY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Leave to File Intervention" (Doc. 10) filed by Patriot Disaster Specialist, LLC ("Patriot") wherein the mover seeks to intervene in this case to collect money for work it performed for Plaintiffs for water mitigation services.

## INTRODUCTION

On or about August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana causing significant damage to Plaintiffs' home. Plaintiffs' property was insured by Defendant Allstate Indemnity Co. ("Allstate"). In this lawsuit, Plaintiffs and Allstate dispute the amount of loss.

As a result of water damage to the property caused by Hurricane Laura, Plaintiffs contracted with Patriot to perform water mitigation services at the subject property. Pursuant to that contract, Plaintiffs assigned their rights, benefits, and proceeds to Patriot for the portion of the claim Patriot completed. Patriot completed the project on March 31, 2021; Allstate has refused to tender the insurance proceeds to Patriot or to Plaintiffs.

## **LAW AND ANALYSIS**

In their Motion for Leave to Intervene, Patriot seeks a judgment rendered in its favor against Allstate, and/or Plaintiff Melinda Gilbert, jointly and/or *in solido.* Patriot seeks intervention pursuant to Federal Rule of Civil Procedure 24 based on Patriot's interest in the claims, proceeds, and property that is the subject of this litigation. Patriot maintains that disposition of this action would impede its ability to be paid for work it performed. Patriot's proposed Pleading-in-Intervention asserts that it is owed $53,461.01 for work performed on the subject property.

Allstate objects to the intervention and maintains that there is no intervention as of direct right because Patriot is not a party to the contract, thus, there is no privity of contract. Allstate further asserts that the contract does not allow its insured to assign rights against Allstate to a third party subsequent to a loss. Consequently, there would not be a valid assignment of rights.

Finally, Allstate argues that Patriot does not have an indirect right to intervene because there can be no payment made by Allstate to Patriot. Allstate informs the Court that any payment that would potentially be paid to Plaintiffs by Allstate would have to be paid out of coverages for either the dwelling loss damages or other structures damage loss. However, both of those coverage limits have been exhausted by prior payments to Plaintiffs under the dwelling and other structures coverages. Thus, because no further payment is due

under the policy for damages under those coverages provided by the policy, if a judgment is rendered in this case, or a settlement is reached between the parties, there will not be any payment made under any circumstances for mitigation damages, since Plaintiffs have reached their policy limits for both coverages.

As to the assignments of rights which the policy expressly prohibits, in accordance with *In re Katrina Canal Breaches Litig.*, 63 So.3d 955 (La. 5/10/11), it is not against public policy for an insurer to have an anti-assignment clause in an insured's insurance policy to prohibit the insured from assigning its rights against the insurer to a third party. In addition, Louisiana Civil Code Article 2653 provides that "[a] right cannot be assigned when the contract from which it arises prohibits the assignment of that right. Such a prohibition has no effect against an assignee who has no knowledge of its existence." in analyzing Article 2653, the Louisiana Supreme Court concluded that there is no violation of public policy in barring such an assignment post-loss. *Id.* The Court notes that Patriot has not alleged nor argued that it did not have knowledge of an anti-assignment clause in the Policy.

The Court find that Patriot has neither a direct right nor an indirect right of action against Allstate for their invoice for water mitigation services.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Motion for Leave to File Intervention (Doc. 10) filed by Patriot Disaster Specialist, LLC is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 15th day of February, 2022.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**